RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. J. Names
DATE 7/31/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> -against- <br><br> SEARS, ROEBUCK & CO., <br><br> Defendant. | Civil Action No. <br><br> COMPLAINT <br> AND JURY TRIAL DEMAND <br><br> **06 CA 11317 DPW** <br><br> MAGISTRATE JUDGE _Alexander_ |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christopher Doherty ("Doherty"). As alleged with greater particularity below, Sears, Roebuck & Co. ("Defendant") subjected Doherty to discrimination on the basis of his disability by failing to hire and failing to provide him with equal opportunity to compete for any employment at its Hyannis, Massachusetts retail store.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4.      At all relevant times, Defendant has been a New York corporation doing business in the State of Massachusetts, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101 (7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Doherty filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Doherty is a qualified individual with a disability pursuant to Title I of the ADA.

9.      Since at least November 3, 2004, Defendant has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12101 et seq. These practices include, but are not limited to, the following:

a.) Defendant failed to provide Doherty with equal access to the employment opportunities at its Hyannis, Massachusetts store because of his disability, deafness.

b.) Defendant discriminated against Doherty by failing to hire him for any available position at is Hyannis, Massachusetts store because of his disability, deafness.

13. The effect of the practices complained of above has been to deprive Doherty of equal employment opportunities because of his disability, deafness.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to Doherty's federally protected rights.

16. The practices complained of above have inflicted emotional pain, suffering, and inconvenience upon Doherty.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to implementing a policy and procedure for handling the application and interview process for open positions without regard to an individual's disability and without discrimination towards persons with disabilities.

C. Order Defendant to make whole Doherty by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to front-pay and instatement.

D. Order Defendant to make Doherty whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, and inconvenience in amounts to be determined at trial.

E. Order Defendants to pay Doherty punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:   July 31, 2006
         Boston, Massachusetts

                                  Respectfully submitted,

                                  James L. Lee
                                  Deputy General Counsel

                                  Gwendolyn Young Reams
                                  Associate General Counsel
                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION
                                  1801 L Street, N.W.
                                  Washington, D.C.   20507

                                  *Elizabeth Grossman*
                                  Elizabeth Grossman
                                  Regional Attorney
                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION
                                  New York District Office
                                  33 Whitehall St., 5th Floor
                                  NY, NY 10004-2112
                                  (212) 336-3696
                                  Elizabeth.Grossman@eeoc.gov

                                  R. Liliana Palacios-Baldwin
                                  Senior Trial Attorney
                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION
                                  Boston Area Office
                                  John F. Kennedy Federal Building,
                                  Room 475
                                  Boston, MA 02203-0506
                                  (617) 565-3188 (phone)
                                  (617) 565-3196 (facsimile)
                                  Rosa.Palacios@eeoc.gov